F. Jay Rahimi, Esq. (SBN: 305286)
E-mail: Jay@LALSLaw.com
LOS ANGELES LEGAL SOLUTIONS, APLC
7136 Haskell Ave. Suite 333
Van Nuys, CA 91406
Telephone:   (818) 510.0555
Facsimile:    (818) 510.0590

*Attorneys for Plaintiff,*
Michael Parabot

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL PARABOT,** | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **MIDLAND FUNDING, LLC and MIDLAND CREDIT MANAGEMENT, INC.,** | ) |
| Defendants. | ) |

**CASE NO.**   '21CV312  W   WVG

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

**I. FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**

**II. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**

**JURY TRIAL DEMANDED**

LOS ANGELES LEGAL SOLUTIONS
818.510.0555

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LOS ANG LEGAL SOLUTIONS
818.510.0555

**INTRODUCTION**

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.   Further, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3.   MICHAEL PARABOT ("Plaintiff" or "Mr. Parabot"), by Plaintiff's attorneys, brings this action to challenge the actions of MIDLAND FUNDING, LLC ("Defendant Midland Funding") and MIDLAND CREDIT MANAGEMENT, INC. ("Defendant MCM") (Defendant Midland and Defendant MCM will be collectively referred to as "Defendants")with regard to the continued collection efforts of a fraudulent debt from Plaintiff, which Plaintiff did not owe.

2
COMPLAINT

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.   Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7.   Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8.   Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant named.

9.   All violations alleged are material violations that would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10.  Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

11.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12.  This action arises out of Defendant's violations of the (i) Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and (ii) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

LOS ANG LEGAL SOLUTIONS
818.510.0555

13. At all times relevant, Defendants conducted business within the State of California.

14. Because Defendants do business within the State of California, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S.C. § 1391 since Defendants are headquartered in San Diego.

## PARTIES

16. Plaintiff is a natural person who resides in the County of Los Angeles, in the State of California.

17. Defendants are headquartered in San Diego County, California, and regularly do business in San Diego County, California.

18. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

21. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

LOS ANG LEGAL SOLUTIONS
818.510.0555

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.

23. As such, this action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d); and, 15 U.S.C. § 1692a(5) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

## FACTUAL ALLEGATIONS

24. At all times relevant, Plaintiff is an individual residing within the State of California.

25. Sometime before August 9, 2017, Plaintiff is alleged to have incurred certain financial obligations on a Synchrony Bank credit card (the "alleged debt") when he used the Synchrony Bank credit card to order/purchase a couch from Lifestyle Home Furnishings.

26. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

27. These alleged obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

28. On or about November 12, 2016, the day after Plaintiff purchased the couch with the Synchrony Bank credit card, and incurred the alleged debt, Plaintiff returned to Lifestyle Home Furnishings, and canceled the order for a full refund thereby extinguishing the alleged debt.

29. Plaintiff never had or received the couch after cancelling his order.

LOS ANG LEGAL SOLUTIONS
818.510.0555

30. Unbeknownst to Plaintiff, Lifestyle Home Furnishings never processed the refund on the Synchrony Bank credit card, fraudulently kept the monies paid for the couch, and left a balance on Plaintiff's Synchrony Bank credit card.

31. The alleged debt was then assigned to Defendants for collections.

32. On or about January 17, 2020, Defendant Midland filed a lawsuit against Plaintiff to collect the balance owed on the Synchrony Bank credit card in an action entitled *Midland Funding, LLC v. Parabot,* Case No. 20NWLC02628 (the "Collection Action"),

33. The Collection Action was filed in the Superior Court of California, for the County of Los Angeles.

34. Defendant Midland is a debt collector under the FDCPA and California's Rosenthal Act.

35. Defendant MCM is a debt collector under the FDCPA and California's Rosenthal Act.

36. Defendants are both headquartered at 350 Camino De La Reina, Ste 300 in San Diego, CA 92018.

37. The Collection Action sought a charged-off debt from Plaintiff in the amount of $1,823.42.

38. Plaintiff was shocked to find out he was being sued for a debt he did not owe.

39. Plaintiff decided that he would defend his case and let Defendants know that he was not responsible for this debt.

40. Plaintiff filed an answer in the collection action and then on March 5, 2020, sent a letter to Defendants via certified mail disputing the alleged debt (the "March 5 Dispute Letter").

41. The March 5 Letter stated that he had returned the couch purchased using the Synchrony Bank credit card, that this must be fraud, and that he does not owe this debt.

LOS ANG LEGAL SOLUTIONS
818.510.0555

42. Defendants received the March 5 Dispute Letter on March 9, 2020.

43. Despite the March 5 Dispute Letter, Defendants continued to attempt to collect the alleged debt from Plaintiff by sending letters on May 1, 2020 and December 3, 2020, and making phone calls attempting to collect the debt.

44. All of the aforementioned letters and phone calls were attempts to collect the alleged debt.

45. Thereafter, Defendants sent a letter on December 3, 2020, claiming that Plaintiff and Defendant Midland had reached a resolution with Defendants' call center for payment of the alleged debt, and that they needed Plaintiff to sign and return the enclosed conditional settlement agreement (December 3 Letter).

46. The December 3 Letter was an attempt to collect the alleged debt.

47. However, Plaintiff had never had any communication with Defendants' call center wherein Plaintiff agreed to settle the alleged debt.

48. Plaintiff was confused and misled by the false and deceptive December 3 Letter.

49. The December 3 Letter was a false deceptive and misleading representation in connection with the collection of the alleged debt.

50. Through this conduct, Defendants violated 15 U.S.C. § 1692e and 1692f by using false, deceptive and misleading representations in connection with the collection of an alleged debt and using unfair and unconscionable means to collect or attempt to collect the alleged debt.  Therefore, Defendants have also violated CCP §1788.17, which incorporates the language of 15 U.S.C. §§1692e and 1692f.

51. Defendants have continually engaged in collection efforts against Plaintiff regarding the fraudulent debt by maintaining the Collection Action until January 22, 2021, when the case was dismissed on the trial date.

LOS ANG LEGAL SOLUTIONS
818.510.0555

52. Defendant Midland's refusal to dismiss the Collection Action forced Plaintiff to incur damages in connection with the retention of Plaintiff's counsel to defend the Collection Action.

53. Plaintiff's continued efforts to be absolved of this fraudulent debt were fruitless.

54. Defendant Midland's refusal to dismiss the Collection Action in light of Defendant Midland's knowledge of the fraud was willful.

55. Defendants Midland's refusal to dismiss the Collection Action in light of Defendant's knowledge of the fraud was reckless.

56. Defendant MCM's refusal to cease collections in light of its knowledge of the fraud was willful.

57. Defendant MCM's refusal to cease collections in lights of its knowledge of the fraud was reckless.

58. Defendants' conduct has caused Plaintiff emotional distress.

59. Plaintiff has spent countless hours disputing Defendants' fraudulent collection attempts.

60. While Plaintiff was thorough in Plaintiff's dispute at all times, Defendants wholly ignored Plaintiff's efforts.

61. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large charge-off mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and likely significantly harms Plaintiff's credit score.

62. Defendants' collection efforts associated with the fraudulent debt have forced Plaintiff to expend funds to retain an attorney to defend Plaintiff in the Collection Action.

63. Through the conduct of continuing to attempt to collect a debt, despite the debt being disputed, and despite the fact that Plaintiff did not owe the debt,

Los Ang Legal Solutions
818.510.0555

Defendants' violated 15 U.S.C 1692c by failing to cease communication after being notified in writing that Plaintiff will not pay the debt and for Midland to cease further collection action. Therefore, Defendant Midland has also violated CCP §1788.17, which incorporates the language of 15 U.S.C. §1692c.

64.  Through its conduct of attempting to collect a debt Plaintiff did not owe, Defendant Midland violated 15 U.S.C. §§ 1692e and 1692f by falsely representing the character or amount of the alleged debt and using unfair and unconscionable means to collect or attempt to collect the alleged debt. Therefore, Defendant Midland has also violated CCP §1788.17, which incorporates the language of 15 U.S.C. §1692e and §1692f.

65.  On January 22, 2021, the date of trial in the collection action, Plaintiff appeared at trial and was represented by undersigned counsel, attorney F. Jay Rahimi ("attorney Rahimi").

66.  On January 22, 2021, attorney Rahimi filed a substitution of attorney with the court and handed a copy of the substitution of attorney form to Defendant Midland's attorney, thus putting Defendants on notice that Plaintiff was represented by an attorney with respect to the alleged debt.

67.  The substitution of attorney form contained all of attorney Rahimi's contact information.

68.  On or about January 27, 2021, 5 days after the Collection Action was dismissed, and 5 days after Defendants knew that Plaintiff was represented by counsel with respect to the alleged debt, Defendants sent a letter directly to Plaintiff's home address in an attempt to collect the alleged debt.

69.  Through this conduct of Defendants violated 15 U.S.C. § 1692c by communicating with Plaintiff in an attempt to collect the alleged debt despite knowing that Plaintiff was represented by an attorney with respect to the alleged debt, and having all of Plaintiff's attorney's contact information.

70. As a result of Defendants' unlawful collection practices, as alleged in Paragraphs 1-69, above, Plaintiff suffered actual damages and Defendant's conduct caused Plaintiff mental and emotional distress.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

### [AGAINST ALL DEFENDANTS]

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

3. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

### COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST ALL DEFENDANTS]

4. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

LOS ANG LEGAL SOLUTIONS
818.510.0555

6.     As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each Defendant;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each Defendant;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each Defendant;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each Defendant;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each Defendant;
- Any other relief the court deems proper.

## DEMAND FOR TRIAL BY JURY

7.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


**LOS ANGELES LEGAL SOLUTIONS**]

Dated: February 22, 2021                    By: _s/F. Jay Rahimi_____
                                                      F. Jay Rahimi, Esq.
                                                      *Attorney for* Plaintiff

LOS ANG LEGAL SOLUTIONS
818.510.0555